**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 19 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Luis Abraham Contreras, | No. 21-956 |
| Petitioner, | Agency No.    A200-262-466 |
| v. | |
| Merrick B. Garland, U.S. Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2023.**
Portland, Oregon

Before: RAWLINSON, BEA, and SUNG, Circuit Judges.

Luis Abraham Contreras (Contreras), a native and citizen of Mexico,

petitions for review of a decision of the Board of Immigration Appeals (BIA)

dismissing his appeal of the denial by an Immigration Judge (IJ) of relief under

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture (CAT).[1]

"[W]e review the factual determinations underlying denials of CAT relief for substantial evidence." *Salguero Sosa v. Garland*, 55 F.4th 1213, 1217 (9th Cir. 2022) (citation omitted). "Under that highly deferential standard, we must accept the BIA's factual findings as conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Id.* at 1217-18 (citation and internal quotation marks omitted).

"To qualify for CAT relief, an applicant must establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal. . . ." *Id.* at 1221 (citation and internal quotation marks omitted). "In assessing CAT claims, the BIA must consider all evidence, including evidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured. . . ." *Dawson v. Garland*, 998 F.3d 876, 884 (9th Cir. 2021) (citation, alteration, and internal quotation marks omitted).

Contrary to Contreras's assertion that he was entitled to CAT relief because he credibly testified that he intended to return to Nayarit, Mexico, "in assessing eligibility for CAT relief, the agency must consider the *possibility* of relocation—without regard for the *reasonableness* of relocation that is

---

[1] "When the BIA adopts the IJ's decision with a citation to *Matter of Burbano*[,] [20 I&N Dec. 872 (BIA 1994),] and also adds its own comments, as it did here, we review the decisions of both the BIA and the IJ." *Gonzalez-Castillo v. Garland*, 47 F.4th 971, 976 (9th Cir. 2022) (citation omitted).

21-956

considered in other types of applications (asylum and withholding of removal under the [Immigration and Nationality Act]"). *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 705 (9th Cir. 2022), *as amended* (citation omitted) (emphases in the original). "[T]he reasonableness of a relocation is not relevant to a CAT claim, where the agency considers only whether safe relocation is possible, not whether it is reasonable (or comfortable or convenient). . . ." *Id.* (citation omitted). "[E]ven if the BIA treats [the petitioner's] testimony as credible, the agency need not find his evidence persuasive or sufficient to meet the burden of proof." *Dai v. Garland*, 9 F.4th 1142, 1145 (9th Cir. 2021) (citation omitted).

Substantial evidence supports the denial of CAT relief because (1) the BIA and the IJ applied the proper legal standard for internal relocation and properly concluded that Contreras could relocate to another part of Mexico that did not have levels of cartel violence and drug activity similar to Nayarit; (2) Contreras was not subjected to past torture, *see Gonzalez-Castillo*, 47 F.4th at 982 (explaining that "[p]ast torture is a principal factor in deciding the likelihood of future torture") (citation omitted); and (3) although "the country conditions evidence acknowledged crime and police corruption in Mexico generally . . . the evidence fail[ed] to show" that Contreras "faces a particularized, ongoing risk of future torture." *Tzompantzi-Salazar*, 32 F.4th at 706-07 (citation omitted).[2]

---

[2] Contreras limited his challenge to the agency's denial of his CAT claim, and has waived any remaining claims, including the BIA's denial of his contention

21-956

**PETITION DENIED.**

---

that his removal proceedings should have been terminated due to alleged deficiencies in the notice to appear, "because he did not contest this aspect of the [BIA's] decision in his opening brief." *Nguyen v. Barr*, 983 F.3d 1099, 1102 (9th Cir. 2020).

21-956